UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ANTHONY CAIN, individually and on
behalf of all others similarly situated,

                Plaintiff,

-against-

J.P.T. AUTOMOTIVE, INC.,
d/b/a FIVE TOWN TOYOTA,

                Defendant,

-against-

INNOVATIVE AFTERMARKET SYSTEMS,
INC., INNOVATIVE AFTERMARKET
SYSTEMS, L.P., and ENTERPRISE
FINANCIAL GROUP, INC.,

                Third-Party Defendants.

-------------------------------------------------------------X

Case No. 05 CV 3805 (LDW)(ARL)

ORDER DENYING THIRD-
PARTY DEFENDANTS'
MOTIONS TO DISMISS AND
GRANTING PLAINTIFF'S
MOTION FOR CLASS
CERTIFICATION

**WHEREAS** Plaintiff ANTHONY CAIN moved for class certification of all four Counts of the Complaint under Fed.R.Civ.P. 23(a), 23(b)(2), and 23(b)(3), with respect to the following classes (collectively the "Classes"):

(1) All persons in the United States, or alternatively certain states within the United States, who purchased property insurance from Defendant J.P.T. AUTOMOTIVE, INC., d/b/a FIVE TOWN TOYOTA, the premiums for which were included in a retail installment contract as part of the amount financed ("Class 1").

(2) All persons in the United States, or alternatively certain states within the United States, who purchased an insurance product from Defendant J.P.T. AUTOMOTIVE, INC., d/b/a FIVE TOWN TOYOTA which has not been

authorized by the New York State Department of Insurance, or which the Defendant J.P.T. AUTOMOTIVE, INC., d/b/a FIVE TOWN TOYOTA, or its sales representatives, were not authorized to sell ("Class 2"); and

**WHEREAS**, Third-Party Defendants INNOVATIVE AFTERMARKET SYSTEMS, INC., and INNOVATIVE AFTERMARKET SYSTEMS, L.P., moved to dismiss the Third-Party Complaint of Defendant and Third-Party Plaintiff J.P.T. AUTOMOTIVE, INC., d/b/a FIVE TOWN TOYOTA under Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a); and ENTERPRISE FINANCIAL GROUP, INC. moved to dismiss the Third-Party Complaint of Defendant and Third-Party Plaintiff J.P.T. AUTOMOTIVE, INC., d/b/a FIVE TOWN TOYOTA under Fed.R.Civ.P. 9(b) and 12(b)(6);

**WHEREAS** the Court having considered the memoranda, exhibits, and oral argument of counsel for each party on each motion;

**IT IS ORDERED** that Third-Party Defendants' motions to dismiss the Third-Party Complaints are both DENIED, without prejudice to renew said motions under Fed.R.Civ.P. 56; and

**IT IS FURTHER ORDERED** that the requirements of Fed.R.Civ.P. 23(a) are met in that
(1) the Classes are both so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the Classes, including but not limited to:
- whether Defendant J.P.T. AUTOMOTIVE, INC., d/b/a FIVE TOWN TOYOTA's decision to include the cost of the PDR policy in each vehicle's cash price violated the Truth in Lending Act, 15 U.S.C. § 1601, et seq.; and
- whether Defendant J.P.T. AUTOMOTIVE, INC., d/b/a FIVE TOWN TOYOTA was authorized by the New York Department of Insurance to sell the PDR product;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the Classes, in that:
- the Classes' claims all arise from the same form disclosure document, the same

legal argument that Defendant J.P.T. AUTOMOTIVE, INC., d/b/a FIVE TOWN TOYOTA failed to disclose the cost of the PDR policy as a finance charge under the Truth in Lending Act to each member of Class 1, and the same legal argument that each member of Class 2 has suffered damages as the result of Defendant J.P.T. AUTOMOTIVE, INC., d/b/a FIVE TOWN TOYOTA selling an unauthorized insurance product;

- the defenses all arise from the claim that the PDR policy is not property insurance, and therefore any nondisclosure does not implicate the Truth in Lending Act, and no license was required by the New York State Department of Insurance;

(4) the representative parties will fairly and adequately protect the interests of the Classes;

**IT IS FURTHER ORDERED** that the requirements of Fed.R.Civ.P. 23(b)(2) are met in that the party or parties opposing the Classes have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole;

**IT IS FURTHER ORDERED** that the requirements of Fed.R.Civ.P. 23(b)(3) are met in that the questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy;

**IT IS FURTHER ORDERED** that Plaintiff's motion for class certification is therefore GRANTED, and Classes 1 and 2 as defined above are both hereby certified. Plaintiff's counsel is hereby appointed class counsel, and Plaintiff ANTHONY CAIN is hereby certified as class representative.

This constitutes the decision and order of the Court.

ENTER,

L_____

U.S.D.J.
CENTRAL ISLIP, NY
7/12/07

# CERTIFICATE OF SERVICE

I, Francis Bigelow, an attorney duly licensed in the State of New York, am not a party to this action and certify that on June 19, 2007, a copy of the annexed **NOTICE OF SETTLEMENT AND PROPOSED ORDER DENYING THIRD-PARTY DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**, addressed to such party or attorney(s) at the address set forth below in Federal Express Overnight Delivery Envelope addressed to the below address, and placed said envelope in the Federal Express Deposit Box in the lobby of 551 5th Avenue, New York, NY 10176.

Warren Herland, Esq.
Jones, Hirsch, Connors & Bull
Attorneys for J.P.T. Automotive, Inc.
d/b/a Five Town Toyota
One Battery Park Plaza
New York, NY 10004
(212) 527-1009

Glenn B. Manishin, Esq.
Kelley, Drye & Warren
Attorneys for Third-Party Defendant
Enterprise Financial Group, Inc.
Washington Harbour, Suite 400
3050 K Street, N.W.
Washington DC 20007-5108
(202) 342-8400

James J. Coster, Esq.
Satterlee, Stephens, Burke & Burke, LLP
Attorneys for Third-Party Defendants
Innovative Aftermarket Systems, Inc. and
Innovative Aftermarket Systems, L.P.
230 Park Avenue
New York, NY 10169
(212) 818-9200

Dated: New York, New York
June 19, 2007

Francis Bigelow (FB-8749)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ANTHONY CAIN, individually and on
behalf of all others similarly situated,

                Plaintiff,                  Case No. 05 CV 3805 (LDW)(ARL)

  -against-

                                              **NOTICE OF SETTLEMENT**

J.P.T. AUTOMOTIVE, INC.,
d/b/a FIVE TOWN TOYOTA,

                Defendant,

  -against-

INNOVATIVE AFTERMARKET SYSTEMS,
INC., INNOVATIVE AFTERMARKET
SYSTEMS, L.P., and ENTERPRISE
FINANCIAL GROUP, INC.,

                Third-Party Defendants.

------------------------------------------------------------X

COUNSEL,

       PLEASE TAKE NOTICE that an Order of which the within is a copy will be presented to the Honorable Leonard D. Wexler, Judge of the United States District Court for the Eastern District of New York, at the United States Courthouse, 944 Federal Plaza, Central Islip, New York, on the 29th day of June, 2007 at 9:30 in the forenoon of that day.

Dated: New York, New York
       June 19, 2007

                                                    By: Francis Bigelow, Esq. (FB-8749)
                                                    SADIS & GOLDBERG LLP
                                                    Attorneys for Plaintiff

{00027948.DOC}

551 Fifth Avenue, 21st Floor
New York, New York 10176
(212) 947-3793

TO:

Warren Herland, Esq.
Jones, Hirsch, Connors & Bull
Attorneys for J.P.T. Automotive, Inc.
d/b/a Five Town Toyota
One Battery Park Plaza
New York, NY 10004
(212) 527-1009

Glenn B. Manishin, Esq.
Kelley, Drye & Warren
Attorneys for Third-Party Defendant
Enterprise Financial Group, Inc.
Washington Harbour, Suite 400
3050 K Street, N.W.
Washington DC 20007-5108
(202) 342-8400

James J. Coster, Esq.
Satterlee, Stephens, Burke & Burke, LLP
Attorneys for Third -Party Defendants
Innovative Aftermarket Systems, Inc. and
Innovative Aftermarket Systems, L.P.
230 Park Avenue
New York, NY 10169
(212) 818-9200

{00027948.DOC}