UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
ANTHONY CAIN, on behalf of himself and others
similarly situated,

                      Plaintiff,

                 -against-

J.P.T. AUTOMOTIVE, INC., d/b/a FIVE TOWN
TOYOTA,

                      Defendant.
----------------------------------------------------------------------------X
J.P.T. AUTOMOTIVE, INC., d/b/a FIVE TOWN
TOYOTA,

                      Defendant-Third-Party Plaintiff

                 -against-

INNOVATIVE AFTERMARKET SYSTEMS, INC.,
INNOVATIVE AFTERMARKET SYSTEMS, L.P., and
ENTERPRISE FINANCIAL GROUP, INC.,

                      Third-Party Defendants.
----------------------------------------------------------------------------X

**ORDER**
CV 05-3805 (LDW)(ARL)

**LINDSAY, Magistrate Judge:**

      Before the court are cross-motions to compel discovery made by the plaintiff and defendant-third party plaintiff J.P.T. Automotive, d/b/a/ Five Town Toyota ("J.P.T."). By letter dated August 23, 2007, plaintiff seeks an order compelling J.P.T. to provide responses to his interrogatories and documents requests. J.P.T. has responded by letter dated August 27, 2007 and cross-moves for an order compelling the plaintiff to provide a computation of his damages. The court first addresses the plaintiff's letter motion.

      Given J.P.T.'s representation that it will be able to provide the discovery sought by September 30, 2007 it is ordered that J.P.T. shall produce these documents by **September 30, 2007.** Turning to J.P.T.'s motion that seeks to compel a computation of damages. Plaintiff contends that it cannot compute statutory damages under the Truth in Lending Act because such damages are "the lessor of $500,000 or 1 per cent of the net worth of the creditor." 15 U.S.C. § 1640(a)(2)(B). Because the creditor, J.P.T., has yet to provide documents concerning its net worth, plaintiff asserts that he cannot compute statutory damages at this time. Plaintiff also asserts that it is not possible to accurately calculate the actual damages incurred by class members without knowing what J.P.T. charged for the cards at issue or the number of cards sold.

The court agrees that J.P.T's request is premature given the status of discovery. Defendant may renew this request after relevant discovery has occurred.

Dated: Central Islip, New York  
       September 11, 2007

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge