UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTHONY CAIN,

                            Plaintiff,

                            **ORDER**
          -against-                           CV 05-3805(LDW)(ARL)

J.P.T. AUTOMOTIVE, INC., d/b/a FIVE
TOWN TOYOTA,

                            Defendant.

-------------------------------------------------------------X
J.P.T. AUTOMOTIVE, INC., d/b/a FIVE
TOWN TOYOTA,

                            Third Party Plaintiff,

          -against-

ENTERPRISE FINANCIAL GROUP, INC.,

                            Third Party Defendant.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's letter motion seeking to compel defendant J.P.T. Automotive, d/b/a Five Town Toyota ("Five Town") to produce documents and interrogatory responses. Five Town opposes the application. For the reasons that follow, the application is granted in part and denied in part.

      Plaintiff seeks production of class member "buyer orders" as requested in demand 3 arguing that he requires these documents to prove the PDR cost was added to the selling price. In as much as defendant concedes that it was, it would appear that a stipulation would obviate the need for this discovery and address defendant's objection related to the cost of again parsing through these files to retrieve these documents. If a mutually agreeable stipulation cannot be reached then the parties should notify the court.

      Plaintiff also seeks responses to document demands 8, 11 and 13. Demand 8 seeks communications between Five Town and Diversified Automotive Concepts, Inc. or any Third-Party Defendant in this case concerning the sale, lease or financing of "aftermarket items." Demand 11 seeks all documents concerning paintless dent repair between Five Town and Third-Party Defendant Innovative Aftermarket Systems. Demand 13 seeks documents relating to the authority to sell PDR products. Five Town objects to these demands as irrelevant, overly broad,

unduly burdensome, vague and ambiguous.

To be discoverable the information sought by a party must be "relevant to a claim or defense of any party. . . ." Fed. R. Civ. P. 26 (b)(1). However, the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. After reviewing document demands 8 and 11, the court agrees that they are overly broad and thus sustains Five Town's objections. The parties are directed to confer on appropriate limitations. Defendant is directed to respond to document demand 13.

Turning next to the interrogatories, the plaintiff seeks to compel Five Town to respond to interrogatories 4-6 and 12. Interrogatories 4 and 5 seek the identities of all individuals, "finance managers" or "business managers" "involved in any transaction for the sale or lease of any motor vehicle involving the sale of a "Paintless Dent Repair Product" or agreement . . . ." Interrogatory 6 requests whether any of the individuals identified in response to Interrogatories 4 and 5 "hold any licenses issued by New York State other than a driver's license, . . . ." According to the plaintiff, this information is relevant because it relates to the sales at issue in this case and whether these individuals had authority to sell the policies at issue. Five Town objects to each of these interrogatories on relevancy grounds, and further asserts that Interrogatory 6 is unduly broad in that is calls for information (including, for example, fishing licenses) which is totally irrelevant to the issues in this case. Plaintiff's motion to compel responses to Interrogatories 4 and 5 are granted and the objection to Interrogatories 6 is sustained to the extent it seeks licensing information beyond that which might be involved in the sale of insurance or PDR products. Although Five Town's submission makes clear that it was not licensed to sell insurance, plaintiff is entitled to a sworn response to this effect. With regard to interrogatory 12, the plaintiff asks whether, in the "transaction for the sale of the Plaintiff's vehicle and related aftermarket items, did Defendant disclose that the purchase of the "Paintless Dent Repair product or agreement was optional?" This interrogatory also requests the identification of all documents wherein any such disclosure was made. Five Town objects to this interrogatory on relevancy grounds, and to the extent that it purports to apply to all class members, it is unduly burdensome and harassing. Given that the interrogatory is expressly limited to the sale of the *plaintiff's* vehicle and aftermarket items, together with the fact that whether this disclosure was made may be relevant to Five Town's defense, the objection is overruled.

Finally, the plaintiff seeks to compel Five Town to respond to its Third Set of Requests to Produce Documents. These requests seek documents relating to Five Town's net worth including its tax returns. Plaintiff asserts that such documents are relevant to its claim for damages because the Truth in Lending Act calculates statutory damages as "not more than the lessor of $500,000 or 1 per centum of the net worth of the creditor." Bigelow Letter at p. 2, citing 15, U.S.C. § 1601 *et seq*. While Five Town has produced its accountant's financial statements, it contends that these demands are premature because net worth should be determined at a point as close to trial as possible. The defendant is correct and discovery in this regard should be limited at this juncture to available income and financial statements. Collens v. City of New York, 222 F.R.D. 249, 254 (S.D.N.Y. 2004). Defendant is directed to produce financial statements for the year 2003 as it appears that Five Town has already produced its financial statements for the period December 2004 through August 2007. Plaintiff's request for payroll records, tax returns, bonus records,

bank statements, lease payments, bills, and a breakdown of revenue by department will be addressed at a later date closer to trial.

Dated: Central Islip, New York  
       November 1, 2007

SO ORDERED:

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge