UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ANTHONY CAIN,

                              Plaintiff,

                                                          **ORDER**
            -against-                                     CV 05-3805(LDW)(ARL)


J.P.T. AUTOMOTIVE, INC., d/b/a FIVE
TOWN TOYOTA,

                              Defendant.

--------------------------------------------------------------------X
J.P.T. AUTOMOTIVE, INC., d/b/a FIVE
TOWN TOYOTA,

                              Third-Party Plaintiff,


            -against-


ENTERPRISE FINANCIAL GROUP, INC.,
INNOVATIVE AFTERMARKET SYSTEMS, INC.
and INNOVATIVE AFTERMARKET SYSTEMS, L.P.

                              Third-Party Defendants.
--------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

        Before the court is a series of discovery applications from the parties.  By letter dated
November 27, 2007, defendant J.P.T. Automotive, d/b/a Five Town Toyota ("Five Town") moves
to compel the third-party defendants Innovative Aftermarket Systems, Inc. and Innovative
Aftermarket Systems, L.P. (together, "IAS"), to fully respond to Interrogatories Nos. 2-8 and
Document Demands Nos. 8, 12 and 17. IAS has responded by letter dated November 30, 2007.
Five Town also moves by letter dated November 29, 2007 to compel the third-party defendant
Enterprise Financial Group, Inc. ("EFG") to fully respond to Interrogatories Nos. 2,7-8 and 11.
EFG opposes the application by letter dated December 4, 2007.  Finally, by letter dated November
28, 2007, the plaintiff Anthony Cain moves to compel the production of documents from Five
Town.  Five Town opposes the application by letter dated December 5, 2007.  The court addresses
each of these applications in turn below.

        **1.        Five Town's Motion to Compel Regarding IAS's Production**

        Five Towns seeks to compel IAS to provide interrogatory responses and documents
concerning any automotive service contracts apart from the Paintless Dent Repair ("PDR")
agreement at issue in this case.  The court has reviewed the interrogatories in question and

sustains the objection as to interrogatory no. 2. The court agrees that interrogatory no. 2 is overly broad and seeks information that is irrelevant to the issues in this case. The court overrules the objection as to interrogatory nos. 3-8. These interrogatories are designed to determine what knowledge and experience IAS has with respect to Department of Insurance approval and should be answered. With regard to the document requests, although IAS has agreed to provide all communications with the New York Insurance Department concerning its Wheel & Tire Program, the document requests are not limited to that program. Accordingly, responsive documents to document requests 8, 12 and 17 shall be produced insofar as IAS has other products or programs.

## 2.     Five Town's Motion to Compel Interrogatory Responses from EFG

Five Town moves to compel EFG to provide responses to interrogatories 2,7-8 and 11. EFG represents that, following Five Town's application, it has supplemented its response to interrogatory 11. Given EFG's supplemental response, it appears that the issue concerning interrogatory 11 is resolved. Accordingly, the court addresses the motion insofar as it seeks supplemental responses to interrogatories 2, 7 and 8. Upon consideration of the interrogatories, the objection to interrogatory no. 2 is sustained and the objections to interrogatory nos. 7 and 8 are overruled.

## 3.     Cain's Motion to Compel the Production of Documents from Five Town

Plaintiff Cain seeks to compel the production of the contents of the "deal jacket" or "deal file" for some 370 customers that the plaintiff contends Five Town has neglected to produce. According to the plaintiff, while some of these files - - which contain all documents relating to each customer's automobile and PDR purchase - - have been produced, Five Town has allegedly withheld hundreds of these files. Plaintiff claims that in addition to the customers identified on the lists of Stephen Petrillo, he has compiled lists from non-party Dent Zone, as well as third-party defendants IAS and EFC which include an additional 370 customers. Although Five Town acknowledges that the Petrillo records reflect that there are 721 customers who purchased the PDR, it has been able to locate just 463 files and these files have been produced. Five Town represents that it has made a good faith, exhaustive search for all of the files and has offered to provide an affidavit from the individual who supervised the search. Five Town has also offered to search for the file of those customers that the plaintiff claims are missing and that are not on the Petrillo lists. Plaintiff's recourse at this point is to depose a representative of Five Town to determine what efforts were made in this regard and the defendant does not object to such inquiry.

Dated: Central Islip, New York
      December 10, 2007

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge